IN RE: Christian Dior WOMACK,
Petitioner

No. 16-3399

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Rule 21, Fed.
R. App. P. August 25, 2016

(Opinion filed: August 29, 2016)

Christian Dior Womack, Pro Se.

Michelle Morgan, Esq., Melanie B. Wilmoth, Esq., Office of United States Attorney, Philadelphia, PA, for Respondent.

Before: AMBRO, SHWARTZ and NYGAARD, Circuit Judges

OPINION *

PER CURIAM.

Christian Dior Womack, a.k.a. Gucci Prada, pleaded guilty to charges of sex trafficking of a minor and sex trafficking by force. We affirmed his judgment of sentence. United States v. Womack, 646 Fed.Appx. 258, 259 (3d Cir. Pa. 2016). Presenting a variation of an argument that we have rejected before, he again asks us to issue a writ of mandamus to vacate his judgment of conviction and sentence. Womack claims that his appointed counsel improperly sought and accepted private funds as a retainer from Womack and that the District Court improperly ratified

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not

counsel's action when it terminated counsel's appointment and allowed Womack to privately retain counsel.

We will deny the petition. Mandamus is an extraordinary remedy. See Kerr v. U.S. Dist. Court, 426 U.S. 394, 402, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976). A petitioner must ordinarily have no other means to obtain the desired relief, and he must show a clear and indisputable right to issuance of the writ. In re School Asbestos Litig., 977 F.2d 764, 772 (3d Cir. 1992). As we have explained to Womack previously, he cannot challenge the criminal judgment against him through a petition for a writ of mandamus because mandamus is not a substitute for appeal. See Cheney v. U.S. Dist. Court, 542 U.S. 367, 380–81, 124 S.Ct. 2576, 159 L.Ed.2d 459 (2004); Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).

constitute binding precedent.